IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-169-RGA |
| | : |
| TONI NEWMAN, et al., | : |
| | : |
| Defendants. | : |

Shantell D. Newman, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 6, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She filed this case on February 7, 2022, and asserts jurisdiction on the grounds that the Morocco Peace Treaty of 1787 may have been violated. (D.I. 2 at 3). The civil cover sheet refers to the Freedom of Information Act, 5 U.S.C. § 552. (D.I. 2-1). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff refers to the 1994 death of her grandmother, Vera Mae Newman, as the occurrence date. Plaintiff explains that she was left her grandmother's house and wants "a [disclosure]." (D.I. 2 at 5). Plaintiff wants the "original of documents proving [her] grandmother who only loved [Plaintiff] and put [Plaintiff] before her own children would leave [Plaintiff] with no home. We know the corporation of America may take this property because they may have had a birth certificate leaving the straw man in charge of [Plaintiff's] family rightful property under" 42 U.S.C. § 1983, 12 U.S.C. § 1431, 42 U.S.C. § 408, and 15 U.S.C. §§ 1692f and 1692g. (*Id*. at 5-6) (spellings changed). Plaintiff "would like to request all records and unclaimed property, lands, wills" according to the Freedom of Information Act, 5 U.S.C. § 552. (*Id*. at 6). For relief she seeks her family's genealogical records under FOIA and $1,000,000 in damages. (*Id*. at 6-7).

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless

amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Defendants are Toni Newman, who is not otherwise identified, and Thomas Town, Maryland.  To the extent Plaintiff raises claims under § 1983, the claims are time-barred.  For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In Delaware,

§ 1983 claims are subject to a two-year limitations period.  *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based."  *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised.  *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986).  "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'"  *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).  Accordingly a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint alleges wrongful acts occurred in 1994 upon the death of Plaintiff's grandmother.  Plaintiff did not commence this action until February 7, 2022.  It is evident from the face of the Complaint that all § 1983 claims are barred by the two-year limitation period.

In addition, neither Defendant can be sued under § 1983.  There is no indication Newman is a state actor, and only individuals can be sued under § 1983, so there is no claim against Thomas Town either.

It is far from clear if Plaintiff raises claims under the other statutes named in the complaint. While Plaintiff speaks to FOIA, it does not appear that she has sought records under FOIA. Rather, she would like to obtain records under FOIA and perhaps seeks the Court's assistance in that regard. And she cannot use FOIA to obtain records from an individual or a municipality in Maryland.

The other statutes are referred to without sufficient facts to raise any viable claims. See *Iqbal*, 556 U.S. at 689 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions' " or " 'naked assertion [s]' devoid of 'further factual enhancement' ") (quoting *Twombly*, 550 U.S. at 555, 557). Indeed, merely reciting a statute, an element of a cause of action, or making a bare conclusory statement is insufficient to state a claim. See *Iqbal*, 556 U.S. at 689.

Finally, after thoroughly reviewing the Complaint and applicable law, this Court draws on its judicial experience and common sense and finds that the claims are frivolous. Therefore, the Complaint will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and time-barred. The Court finds amendment futile.

An appropriate Order will be entered.